IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. EDWARDS, | CASE NO. F- 06-CR-49 LJO |
| Petitioner, | **ORDER ON DEFENDANT'S 28 U.S.C. §2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** (Doc. 104) |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |
| _____ / | |

## INTRODUCTION

Petitioner David J. Edwards ("Dr. Edwards") is a federal prisoner and proceeds pro se to seek to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255 ("section 2255"). Having considered Dr. Edwards' section 2255 motion on the record, this Court DENIES the motion.

## BACKGROUND

### Charges and Plea Agreement

A February 9, 2006 indictment charged Dr. Edwards with endeavors to impede the administration of the Internal Revenue Laws (26 U.S.C. §7212(a)), three counts of tax evasion (26 U.S.C. §7201) and two counts of presenting a fictitious instrument purported to be an actual security of the United States (18 U.S.C. §514). On March 18, 2008, Dr. Edwards, through his attorney, filed motions to suppress

1

evidence. The motions were denied on the record on April 21, 2008.

Dr. Edwards entered into a January 11, 2010 Fed. R. Crim. P. 11(c)(1)(c) Memorandum of Plea Agreement ("Plea Agreement") by which he agreed voluntarily to plead guilty to Count Three of the indictment, violation of 26 U.S.C. §7201–tax evasion. Dr. Edwards "expressly retained the right to appeal the District Court's denial of his Motion to Suppress Evidence and to Dismiss the Indictment." Plea Agreement, 3:9-11. Except for that express reservation, Dr. Edwards:

> knowingly and voluntarily agree[d] to waive all other Constitutional and statutory rights to appeal his conviction and sentence, including, but not limited to an express waiver of this plea (including any venue and statute of limitations issues) and to attack collaterally his mental competence, and his plea, or his sentence, including but not limited to, filing a motion under 28 U.S.C. §2255, 28 U.S.C. §2241, or 18 U.S.C. §3742, or otherwise.

Plea Agreement, 3:13-20. Dr. Edwards acknowledged that he understood that "the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984)" and that "the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines." Plea Agreement, 5:6-9, 12-15. The eighth page of the Plea Agreement addresses the potential sentence Dr. Edwards faced, including the following:

> Count Three:
> (a)   Imprisonment.
>         Maximum: Five (5) years.
> (b)   Fine.
>         Maximum: Two hundred Fifty Thousand Dollars ($250,000.00)
> (c)   Both such fine and imprisonment.
> (d)   Term of Supervised Release.
>         Maximum: Three (3) years.

Plea Agreement, 8:16-23. In addition, Dr. Edwards agreed, in pertinent part, to the following facts:

> The defendant, David J. Edwards, between on or about October 18, 2000 and continuing to on or about November 1, 2005, within the County of Fresno, State and Eastern District of California, did wilfully (sic) attempt to evade and defeat the payment of a large part of the income tax due and owing by him to the United States of America for the calendar year 1999, in the approximate amount of $205,456, by submitting "Bills of Exchange" and other documents in lieu of payment, by concealing and attempting to conceal from the Internal Revenue Service the nature and extent of his assets and the location thereof, by attempting to place funds and property beyond the reach of service of process, and/or by placing funds and property in the names of nominees.

Plea Agreement, 8:4-11.

///

**Acceptance of the Plea Agreement**

On January 21, 2003, the Court questioned Dr. Edwards about whether he understood the terms of the Plea Agreement and whether he accepted those terms voluntarily. Regarding the potential sentence imposed, the following exchanges occurred:

> THE COURT: All right. And on page 8, at the bottom half, it indicates the maximum potential sentence in this case, which is five years' imprisonment, $250,000 fine, or both the fine and the imprisonment. And a term of supervised release, a maximum of three years. And that if you violate any of the terms of your supervised release, you could be returned to prison for a term of supervised release actually imposed by the Court, or two years, whichever is less, and a mandatory penalty assessment of $100 per count, which in this case, is one count that you are going to be pleading to. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And do you understand that you are waiving your right to appeal with the exception of that outlined on page 3, lines 9 through 11, which is specifically a part of the appellate process that you are reserving?
>
> DEFENDANT: Yes.

Change of Plea Transcript, 6:9-25.

> THE COURT: And is anybody promising you anything other than what's in this plea agreement?
>
> THE DEFENDANT: No.
>
> THE COURT: You understand I'm not a part of the plea agreement. The Court is not a part of a plea agreement, and so if I disagreed with it at the time of sentencing, you can't take your change of plea back. And I'm not required to follow the plea agreement; do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And I'm obligated, under the federal laws, to consider the Federal Guidelines in sentencing, but I'm not obligated to follow them, and if I didn't, you still can't take your change of plea back; do you understand that?
>
> THE DEFENDANT: Yes.

Change of Plea Transcript, 8:17-25, 9:1-5.

> THE COURT: And that if you continued to want to plead not guilty, I would accept that, of course, and I would make sure that this trial went to fruition, in other words, we started the trial, we finished the trial in a timely fashion under the law; specifically, and including the United States Constitution that guarantees a speedy trial right. And that the trial would be by judge or jury, your choice, but either way, it would go to trial in a timely fashion. Do you understand that?
>
> DEFENDANT: Yes.

THE COURT: If that occurred, you would have an absolute right to be here during the entire trial, your lawyer would be here for you during the entire trial, the government would have the burden of proving the case against you beyond a reasonable doubt standard, and they would attempt to do that by bringing in witnesses and evidence and you would watch those witnesses testify against you. Your lawyer would ask them questions or cross-examine them for you. You could take the witness stand or not, and if you decided not to, that would not be in any way used against you. You could bring in witnesses and evidence in your defense and we would help you get them here by the subpoena power of the Court. And your trial would be open to the public, just like today's hearing is. Do you understand those trial rights?

DEFENDANT: Yes.

THE COURT: Do you understand that you are giving them up if you plead guilty?

DEFENDANT: Yes.

THE COURT: Do you wish to give them up?

DEFENDANT: Yes.

Change of Plea Transcript, 7:8-25, 8:1-13.

THE COURT:  How do you wish to plead as to Count 3?

THE DEFENDANT:  Guilty.

THE COURT: Court accepts the knowing, intelligent and voluntary waiver of rights, knowing, intelligent and voluntary change of plea.

Change of Plea Transcript, 10:12-16.

**Sentencing**

The Court conducted an April 26, 2010 sentencing hearing.  Dr. Edwards said in his allocution statement: "I have taken the advice to make a plea agreement, and I intend to act honorably with regard to the consequences of that agreement and accept for value any amount of taxes, fines, restitutions, incarceration it takes to satisfy these consequences." Sentencing Transcript, 18:25, 19:1-4.  Consistent with the Plea Agreement, this Court sentenced Dr. Edwards to a term of 21 months imprisonment and 36 months of supervised release upon release from imprisonment.  After Dr. Edwards was sentenced, and consistent with the Plea Agreement, the Government moved to dismiss Counts One, Two, Four, Five and Six of the Indictment.

**Direct Appeal**

Dr. Edwards filed a Notice of Appeal on April 26, 2010.  Dr. Edwards appealed this Court's

denial of his motion to suppress grand jury testimony and motion to dismiss the indictment. On April 29, 2011, Dr. Edwards filed a section 2255 motion to vacate, set aside or correct sentence with this Court. This Court denied Dr. Edwards' section 2255 motion, ruling that this Court had been divested of jurisdiction by the Notice of Appeal and could not address matters raised in the section 2255 motion during the pendency of the appeal. Doc. 100.

On May 3, 2011, the Ninth Circuit issued a memorandum decision to affirm the district court's denial of Dr. Edwards' motion to suppress and motion to dismiss the indictment. Doc. 99. On July 19, 2011, the Ninth Circuit denied Dr. Edwards' petition for rehearing en banc. Doc. 106.

### Section 2255 Motion

On July 5, 2011, Dr. Edwards re-filed his section 2255 motion. Dr. Edwards asserts four grounds for relief: (1) he is eligible to participate in the Elderly Offender Home Detention Pilot Program ("EPP"), a program authorized by the Second Chance Act of 2007. Pub. L. No. 110-199 (codified at 42 U.S.C. §17541); (2) his sentence was disproportionate, which violated his right against cruel and unusual punishment pursuant to the Eighth Amendment; (3) he was subject to selective prosecution which violated due process pursuant to the equal protection clause of the Fifth Amendment; and (4) he was the victim of an "overbroad statute" that violated due process and his First Amendment rights. This Court will consider each of Dr. Edwards' claims.

### DISCUSSION

### Independent Bases for Dismissal of the Section 2255 Motion

Before addressing the merits of Dr. Edwards' claims, this Court finds two independent bases for dismissal of his section 2255 motion. First, Dr. Edwards' voluntary and intelligent plea may not be attacked collaterally. Second, Dr. Edwards waived his right to attack collaterally his sentence through a section 2255 motion. For each of these reasons, "it plainly appears from the face of the motion…that the movant is not entitled to relief." *United States v. Matthews*, 833 F.2d 161, 164 (9th Cir. 1987). Accordingly, this Court "must dismiss" Dr. Edwards' section 2255 motion. *Id.*

### Voluntary and Intelligent Plea

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S.

504, 508-09 (1984). To determine voluntariness, the Court examines the totality of the circumstances. *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986). A plea is voluntary if it "represents a voluntary and intelligent choice among alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). "[A] plea of guilty entered by one fully aware of the direct consequences…must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *Brady v. United States*, 397 U.S. 742, 755 (1970). In sum, "a guilty plea is void if it was induced by promises or threats which deprive it of the character of a voluntary act." *Sanchez v. United States*, 50 F.3d 1448, 1454 (9th Cir. 1995) (quoting *Machibroda v. United States*, 368 U.S. 487, 493 (1962)).

Here, Dr. Edwards entered into a plea agreement voluntarily and after the competent advice of counsel. In the Plea Agreement, Dr. Edwards "acknowledge[d] that his plea of guilty is voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this agreement, to induce the defendant to plead guilty." Plea Agreement, 5:26-28, 6:1-2. Similarly, at the time of his change of plea hearing, Dr. Edwards testified under oath that he was entering into the plea of guilty voluntarily, that he was satisfied with his attorney's representation, and that no one had forced him or threatened him to plead guilty. Change of Plea Transcript, 7:7, 8:14-19. Thus, under *Brady,* 397 U.S. 742, Dr. Edwards' plea must stand, as his plea was voluntary and intelligent.

**Waiver**

Dr. Edwards' waiver to attack collaterally his sentence with a section 2255 motion precludes his claims related to his sentence. A plea agreement is a contract and subject to contract law standards. *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992); *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985). A defendant may waive the right to bring a section 2255 motion. *United States v. Abarca*, 985 F.2d 1012, 1013 (9th Cir. 1993), *cert. denied*, 508 U.S. 979 (1993). "[A] prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." *United States v. Racich*, 35 F.Supp. 2d 1206, 1210 (S.D. Cal. 1999). A plea agreement does waive the right to bring a section 2255 motion unless it does so expressly. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The right

to bring a collateral attack under section 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable." *Abarca*, 985 F.2d at 1014.

Dr. Edwards' waiver of his appeal and collateral attack rights, as part of his knowing and voluntary plea agreement, is valid. Dr. Edwards "knowingly and voluntarily agree[d] to waive all other Constitutional and statutory rights to appeal his conviction and sentence... including but not limited to, filing a motion under 28 U.S.C. §2255." Plea Agreement, 3:13-20. When reviewing his plea agreement at his change of plea hearing, Dr. Edwards affirmed his desire to be bound by the terms of the Plea Agreement. Because Dr. Edwards waived his right to attack collaterally his sentence in a section 2255 motion, he is precluded to raise such issues in this section 2255 motion which do not relate to the performance of his attorney or voluntariness of waiver. *See also, Abarca*, 985 F.2d at 1013. Because Dr. Edwards waived explicitly his right to section 2255 relief, all of his claims are denied except any claim of ineffective assistance of counsel, which he does not assert.

### Merits of Claims

Although this Court "must dismiss" Dr. Edwards' section 2255 motion based on his voluntary and knowing waiver of his right to a section 2255 in his plea agreement, *Matthews*, 833 F.2d at 164, this Court shall address the merits of his claims in the alternative.

### The Elderly Offender Home Detention Program

Dr. Edwards asserts that he is eligible for the EPP. Prisoners who meet the eligibility requirements to participate in the EPP can serve the remainder of their sentence in home detention, rather than in a federal facility. Dr. Edwards' EPP claim is improperly raised in this section 2255 motion, because a 28 U.S.C. §2241 ("section 2241") petition is the proper vehicle to challenge a BOP determination regarding eligibility to participate in the EPP. *Maza v. Warren*, 2010 U.S. Dist. LEXIS 123923, *9 (C.D. Cal. Sept. 13, 2010).

"Because Congress made a deliberate choice to give jurisdiction over §2241 petitions and §2255 motions to different courts, a district court is obligated to determine whether a petition falls under §2241, pursuant to the savings clause, or under §2255." *Hernandez v. Campbell*, 204 F.3d 861, 866 (9th Cir. 2000) (per curiam). "Generally, motions to contest the legality of a sentence must be filed under §2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's

execution must be brought pursuant to §2241 in the custodial court." *Id.* at 864. Dr. Edwards' EPP claim challenges the manner, location, or conditions of his sentence's execution. Consequently, Dr. Edwards must file this claim as a section 2241 motion. Because Dr. Edwards asserts through a section 2255 motion that he is eligible for the EPP, his claim is denied.[1]

### Proportionate Sentence

Dr. Edwards' second claim for relief alleges he was given a "Disproportionate Sentence which violate (sic) Petitioners (sic) right against cruel and unusual punishment." Motion, p. 6. Dr. Edwards' cruel and unusual punishment claim and its supporting facts consist of the following statement: "Upon review of related cases as it pertained to questionable sentencing on a 'Non Criminal' proceeding the 'Petitioner's' sentence was disproportionate to others (sentenced) for the same conduct." Motion, 9:4-6. To support this claim, Dr. Edwards cites to two United States Supreme Court cases concerning the sentencing of criminal conduct,[2] *Solem v. Helm*, 463 U.S. 277 (1983) and *Harmelin v. Mich.*, 501 U.S. 957 (1991) (overruling *Solem*).

The Supreme Court in *Harmelin* held that that the cruel and usual punishment clause of the Eighth Amendment did not apply to disproportionate sentencing. "The Eighth Amendment contains no proportionality guarantee." *Harmelin*, 501 U.S. 957, at 965. Because the Eighth Amendment does not apply to sentence proportionality, Dr. Edwards' disproportionate sentencing claim based on the Eighth Amendment fails.

### Selective Prosecution

Dr. Edwards' third claim for relief alleges "Selective Prosecution which violated Petitioners (sic) Due Process Statue (sic)." Motion, p. 6. "The requirements for a selective-prosecution claim draw on 'ordinary equal protection standards.'" *United States v. Armstrong*, 517 U.S. 456, 465 (1996) (quoting *Wayte v. United States*, 470 U.S. 598, 608 (1985)). To dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present "clear evidence to the contrary." *Armstrong*

---

[1] Any subsequent EPP claims by Dr. Edwards are unlikely to succeed. The EPP requires that a prisoner serve at least 10 years of imprisonment in order to be eligible for the program. 42 U.S.C. §17541(g)(5)(A)(ii).

[2] The plaintiff in *Solem* was sentenced to life imprisonment for committing seven non-violent felonies, the last of which was writing a "no-account" check for $100. The plaintiff in *Harmelin* was sentenced to a mandatory life sentence for possessing cocaine.

at 465 (quoting *United States vs. Chemical Foundation, Inc.*, 272 U.S. 1, 14-15. (1926)). "The claimant must demonstrate that the federal prosecutorial policy 'had a discriminatory effect and that it was motivated by a discriminatory purpose.'" *Armstrong* at 465.

Here, Dr. Edwards fails to provide any evidence to support his claim of selective prosecution.[3] As set forth above, Dr. Edwards must present clear evidence that the proscecutre violated equal protection or that there was a prosecutorial policy that had a discriminatory effect and that was motivated by a discriminatory purpose. In the absence of allegations to support this claim, his claim for relief is denied.

**Vagueness of Statute**

Dr. Edwards' fourth claim for relief is that the statute he was convicted of violating was unconstitutionally vague:[4]

> As selected and convicted upon the state statue (sic) was convicted and indicted of violating a statue (sic) that was unconstitutionally vague and overbroad thus violating 'Petitioners' (sic) Due Process, First Amendment, all Investigations at Pre-Trial, and finally on behalf of the Defense Counsel/Prosecutor/ and Judge.

Motion, 9:21-24. This claim lacks merit, as the United States Supreme Court has confirmed that the statute Dr. Edwards was convicted of violating, 26 U.S.C. §7201, is not vague.

26 U.S.C. §7201:

> is not vague nor does it delegate policy-making powers to either court or jury. It declares that 'any person who willfully attempts in any manner to evade or defeat any tax imposed' by the act 'shall . . . be guilty of a felony' and specifies penalties in addition to those otherwise provided by law. That such acts of bad faith are not beyond the ready comprehension either of persons affected by the act or of juries called upon to determine violations need not be elaborated.

*United States v. Ragen*, 314 U.S. 513, 524-5 (1942). *See also*, *United States v. Chikata*, 427 F.2d 385 (9th Cir. 1970) ("the only cases considering the subject have held the statute constitutional."); *United States v. Schipani*, 362 F.2d 825, 830 (2d Cir. 1966), *aff'd*, 414 F.2d 1262 (2d Cir. 1969) ("There is no merit to the claim that §7201 is vague."); *United States v. Coppola*, 425 F.2d 660 (2d Cir. 1969) (26

---

[3] Dr. Edwards claims that "...the said 'Petitioner' was convicted on the basic stereotype of a NON-Criminal Tax Related Matter." Motion, 9:13-15. As discussed above and below, Dr. Edwards was convicted of a criminal act, violating 26 U.S.C. §7201.

[4] In his motion, Dr. Edwards lists "26 USC 7525" as the offense for which he was convicted. Motion, p. 3. Dr. Edwards pled guilty to violating 26 U.S.C. §7201. Plea Agreement, 2:25-27.

U.S.C. §7201 does not cover exactly the same ground and offenses as §§7203 and 7207, and is therefore not subject to constitutional challenge on ground that it is void for vagueness).  Based on this well-settled authority, 26 U.S.C. §7201 withstands constitutional scrutiny.  Accordingly, Dr. Edwards' claim for relief is denied.

### Certificate of Appealability

28 U.S.C. §2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA").  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F.3d 281, 286 (9th Cir. 1996).  A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983).  In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. §2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny defendant collateral relief. *See Clark v. Lewis*, 1 F.3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would not debate the constitutionality of Dr. Edwards' conviction.  Accordingly, a certificate of appealability is improper.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES Dr. Edwards' section 2255 relief and a certificate of appealability.  The clerk of court is DIRECTED to CLOSE Case No. 1: 11-CV-1118 LJO.

IT IS SO ORDERED.

**Dated:   July 28, 2011             /s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE